IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSE LUIS GONZALEZ,              :
                                 :
    Petitioner               :
                                 :
  v.                             :   CIVIL NO. 4:CV-14-2326
                                 :
PENNSYLVANIA BOARD OF            :   (Judge Brann)
PROBATION AND PAROLE,            :
                                 :
    Respondent               :

**MEMORANDUM**

November 30, 2016

**Background**

Jose Luis Gonzalez, an inmate presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Service of the petition was previously ordered.

On December 20, 1995, Gonzalez was sentenced to a five (5) year, nine (9) month to fifteen (15) year sentence following his conviction for burglary and aggravated assault with serious bodily injury in the Court of Common Pleas of Lebanon County, Pennsylvania. Following expiration of his minimum sentence,

Petitioner was granted parole by the Pennsylvania Board of Probation and Parole (Parole Board) on April 1, 2002.

On August 6, 2002, he was recommitted as a technical parole violator. See Doc. 7-1, Exhibit C. Gonzalez was reparoled on September 8, 2003. By decision dated July 25, 2005, Petitioner was again recommitted by the Parole Board as a convicted parole violator after being found guilty of new crimes. See id., Exhibit E. By decision dated September 7, 2005, Petitioner's maximum sentence date was recalculated to April 5, 2012. See id., Exhibit F.

Gonzalez was granted parole for a third time on November 6, 2006. On March 5, 2010, Petitioner was again recommitted as a technical parole violator for multiple technical violations and for his conviction for possession of heroin. Gonzalez's maximum release date was again recalculated to August 13, 2015. See id. at Exhibit H.

Petitioner was granted parole for a fourth time on June 23, 2011. On October 24, 2011, Petitioner was declared delinquent by the Parole Board. Gonzalez was arrested in San Juan, Puerto Rico on or about October 28, 2011 and charged with attempted burglary, a weapons offense, and failure to appear. He was released after posting bail. See id. at Exhibit L. On May 10, 2012, Gonzalez was recommitted as a technical parole violator to serve nine (9) months of back

time and his maximum release date was computed as being January 9, 2016. See id. at Exhibit K.

On or about August 26, 2013, Petitioner was convicted of the Puerto Rican charges and sentenced to a consecutive term of not less then one (1) year, three (3) months, and fifteen (15) days. On September 26, 2013, Gonzales was returned to Pennsylvania custody.

The Parole Board issued Petitioner a parole revocation notice on May 9, 2014 . Gonzalez waived his right to a revocation hearing and appointment of counsel. On July 10, 2014, the Parole Board issued a decision recommitting Petitioner as a convicted parole violator to serve a twenty-four (24) month term. A July 16, 2014 decision issued by the Parole Board extended Petitioner's maximum release date from August 31, 2015 to May 13, 2016. In response to an administrative request by Petitioner, the Parole Board recalculated his maximum release date as being March 2, 2016. See id. at Exhibit P.

Petitioner's pending action alleges that the Parole Board violated his due process rights by recalculating his maximum release date without providing him prior notice of its intent to do so; written reasons explaining its decision;  or an opportunity for a evidentiary hearing. As relief, Petitioner requests that his initial maximum release date of August 13, 2015 be reinstated.

Respondent seeks dismissal of the petition on the grounds that Petitioner failed to exhaust his state court remedies prior to seeking federal habeas corpus relief and that the recalculation of Gonzalez's maximum sentence date did not violate due process.

**Discussion**

**Exhaustion**

Respondent argues in part that the present petition should not be entertained because Petitioner failed to exhaust his available state court remedies before initiating this action. A habeas petitioner must either show that the federal constitutional claims asserted in the federal habeas petition have been "fairly presented" to the state courts; that there is an absence of available state court corrective process; or that circumstances exist rendering the available state court process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b).

However, as correctly recognized by the Respondent, the question of exhaustion need not be resolved as the claim presented by Gonzalez is clearly without merit. See 28 U.S.C. § 2254(b)(2)(a federal court can deny a habeas petition "on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

**Sentence Recalculation**

Federal habeas corpus relief is awarded only when a state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court.   Petitioner contends that the Parole Board acted improperly when it recalculated his maximum release date on his original sentence.   As a convicted parole violator, Gonzalez forfeited sentence credit for all time spent while released on parole.

Based upon the undisputed record, Petitioner's original maximum sentence date was June 14, 2010.  Despite being granted parole multiple times on his original sentence, Gonzalez was subsequently recommitted as either a technical parole violator or because of new criminal convictions.  As a result, Petitioner's maximum release date was recalculated several times by the Parole Board.

Gonzalez was last released on parole on June 23, 2011, at which time he had 1,512 days remaining to be served on his original sentence.  As such, his maximum sentence date was August 13, 2015.

The Parole Board most recently recalculated Gonzalez's maximum release date as being March 2, 2016.  See  Doc. 7-1, Exhibit P.  In so doing, the Parole Board credited Petitioner with a total of 624  days, from January 11, 2012 (the date the Parole Board's warrant was lodged) to September 26, 2013 (the date he

returned to state custody) because those periods of confinement resulted from the Parole Board's issuance of a warrant. The 624 days were subtracted from the 1,512 days remaining on Gonzalez's original sentence at the time of his last parole. The remaining 888 days of back time resulted in a new maximum date of March 2, 2016. The 888 day period was deemed to commence on September 26, 2013, the date Gonzalez was returned to Pennsylvania state custody.

This is hardly a situation where a habeas petitioner is being held beyond his release date. Due to his own criminal behavior, Petitioner violated his parole and lost credit for the time he spent unincarcerated. The challenged recalculation by the Parole Board was undertaken in accordance with the § 6138(a) directive that, absent limited exceptions, a parolee convicted of a new criminal offense while on parole must serve the entire remaining balance of the original term, with no credit for time served on parole.[1] Since the Parole Board did not add any time onto Gonzalez's original sentence, there is no basis for a finding that a judicially imposed sentence was altered. Moreover, it has been recognized that the challenged Pennsylvania parole statute is constitutional. See Markel v. Pennsylvania Board of Probation and Parole, Civil No. 1:12-1691, 2014 WL

---

[1] It is also noted that parole revocation does not impose an additional sentence or otherwise constitute a double jeopardy violation. Snyders v. Giroux, Civil No. 15-521, 2016 WL 3456946 *4 (W.D. Pa. May 37, 2016).

6

1818076 *4  (M.D. Pa. May 7, 2014)

    In sum, the Parole Board had the discretion under controlling Pennsylvania law to initiate a recalculation of Petitioner's maximum release date on his original sentence. Second, Petitioner has not established that the challenged recalculation constituted an unreasonable application of clearly established Federal law. Finally, there has been no showing by Petitioner that the Parole Board's recalculation was incorrect. Consequently, there is no basis for federal habeas corpus relief. An appropriate Order will enter.

                      BY THE COURT:

                      s/ Matthew W. Brann
                      Matthew W. Brann
                      United States District Judge